█ In the Matter of STANLEY NELSON et al., Respondents, v. BOARD OF EXAMINERS OF THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant. — In a proceeding under CPLR article 78, the Board of Examiners of the Board of Education of the City of New York appeals from a judgment of the Supreme Court, Kings County, entered March 26, 1965, which adjudged that failure ratings given petitioners in an examination for license as principal of an elementary school be cancelled and that each petitioner be afforded a new interview test. Judgment affirmed, with one bill of $50 costs and disbursements. We are of the opinion that the 21 items delineating the four major categories of the test were sufficient objective ratings. Accordingly, in that respect, we disagree with the conclusions of the learned Trial Justice. We do agree, however, that an adequate record should have been made in order to determine whether the ratings were capricious. The so-called running notes made by the panel, at a time when each member was also engaged in questioning on the above-mentioned 21 items, are completely inadequate. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

█ In the Matter of POLL ENTERPRISES, INC., et al., Respondents, v. DOROTHY SMITH, as Village Clerk of the Village of Nissequogue, et al., Appellants.— In a proceeding pursuant to CPLR article 78, certain officials of the Village of Nissequogue, appeal from a judgment of the Supreme Court, Suffolk County, dated February 7, 1966, which granted petitioners' application to compel the Village Clerk to issue a certificate pursuant to section 179-k of the Village Law. Judgment affirmed, with $10 costs and disbursements (*Matter of Scarsdale Meadows v. Smith*, 20 A D 2d 906; *Matter of Levin v. Thornbury*, 2 A D 2d 774; *Matter of Thornwood Enterprises v. Bloom*, 20 A D 2d 852). We decide this case solely on petitioners' rights under the statute (Village Law, § 179-k). We do not pass upon the question of the necessity of compliance by petitioners with the local zoning ordinance or with other applicable ordinances and regulations. That question is not before us. Christ, Acting P. J., Brennan, Rabin and Hopkins, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and to dismiss the proceeding on the ground that it may not be said that the refusal to accept the plat was arbitrary.